**HOPE LUMBER AND SUPPLY COMPANY, a corporation, Appellee,**

v.

**The PEOPLES NATIONAL BANK OF KINGFISHER, EL RENO, OKLA-HOMA, a corporation; Keith Geary; Joan Geary; and The County Clerk of Oklahoma County, State of Oklahoma, Appellants.**

**No. 86043.**

Court of Appeals of Oklahoma, Division No. 1.

March 29, 1996.

Vance T. Nye, Gungoll, Jackson, Collins & Box, P.C., Enid, for Appellant, Peoples National Bank of Kingfisher, El Reno, Oklahoma.

James Vogt, Reynolds, Ridings, Vogt & Morgan, Oklahoma City, for Appellee, Hope Lumber and Supply Company.

John M. Jacobsen, Assistant District Attorney, Oklahoma City, for Appellee Oklahoma County Clerk.

### MEMORANDUM OPINION

JOPLIN, Judge:

Appellant Peoples National Bank of Kingfisher, El Reno, Oklahoma (Bank) seeks review of the trial court's order granting summary judgment to Appellee Hope Lumber and Supply Company (Hope) in Hope's action for judgment on and disbursement of a cash bond previously posted by Bank to release Hope's lien on property of Appellees Keith and Joan Geary (Gearys).[1] We find the trial court properly granted judgment to Hope and affirm.

In January 1994, Hope supplied building materials and supplies for use on property then owned by the Gearys, on which property Bank held a valid first mortgage. In March 1994, Bank instituted action to foreclose its mortgage on the property. Two months later, Hope filed a materialman's lien against the property in the amount of $7,921.64.

In July 1994, Bank obtained a judgment against the Gearys in excess of $800,000.00 and foreclosure of its mortgage. Bank purchased the property at sheriff's sale in December 1994 to Bank for $600,000.00. Upon confirmation of the sale in January 1995, Bank deposited over $9,000.00 in the Oklahoma County Clerk's office, discharging Hope's lien upon the property. In March, Bank moved for a deficiency judgment against the Gearys.

Hope thereafter instituted the present action against the Gearys for the cost of the

---

1. The Gearys do not appeal the judgment against them, nor does the Oklahoma County Clerk.

materials supplied, and against the Gearys and Bank to foreclose upon the cash bond posted by Bank. The trial court granted Hope judgment against the Gearys for the value of the materials. At about the same time, the court in Bank's mortgage foreclosure action granted Bank a deficiency judgment against the Gearys in excess of $350,000.00. Thereafter, both Bank and Hope moved for summary judgment in the instant case, each claiming superior right to the cash bond deposited by Bank. The trial court found in favor of Hope, granting Hope judgment for foreclosure against the cash bond and ordering the Oklahoma County Clerk to disburse the funds to Hope.

■ Neither party cited any case law in support of their respective positions, each relying instead on 42 O.S.1991 § 147.1. That statute provides, in pertinent part, as follows:

Any property owner or other interested party, including but not limited to mortgagees, contractors, subcontractors and others against whom a lien claim is filed under the provisions of the law relating to mechanics' and materialmen's liens, may at any time discharge the lien by depositing with the county clerk in whose office the lien claim has been filed ... [a]n amount of money equal to one hundred twenty-five percent (125%) of the lien claim amount ...

The cash deposit ... shall stand in lieu of the released lien, and the lien claimant must proceed against the substituted security in the same time and manner as is required for foreclosure of a lien claim. The cash deposit ... shall stand liable for such principal, interest, court costs and attorney's fees to the extent they could be *awarded* in a lien foreclosure proceeding. (Emphasis added).

.     .     .     .     .

[P]roper parties to an action against the substituted security are: The party making the cash deposit; ... the party primarily liable for the indebtedness giving rise to the lien claim; and anyone else who may be liable to the lien claimant for the same indebtedness.

As we read the terms of this provision, together with the other relevant provisions of title 42 governing foreclosure of mortgages and liens, we now see two avenues available to mortgagees in the foreclosure of their interests. Under existing law, a mortgagee might properly commence a mortgage foreclosure action and join all other interest holders claiming an interest in the property, and in that proceeding obtain an adjudication of the relative priority of all competing claims. Alternatively, a mortgage creditor may now, under § 147.1, delay disposition of competing lien claims by posting of a cash deposit to discharge a claimant's lien on the subject property, but such procedure under § 147.1 leaves intact a fund to which a lien claimant might turn in the event the lien claimant proves a valid lien claim upon the subject property.

■ The difference in the two alternatives seems patent to us: in a traditional mortgage foreclosure, a claimant's lien claim may be found valid but junior to the mortgage interest, and the junior lien claimant may go without recovery for the value of his labor or materials if the property does not fetch sufficient funds at sale to satisfy both the mortgagee and the lien claimant. Under the § 147.1 procedure, the mortgagee foregoes an immediate adjudication of the merits of a lien claim by substitution of a cash deposit in lieu of the lien, and thereby obtains a release of the competing lien claim against the property and extinguishes any lien the lien claimant may have had against the property. By the addition of the § 147.1 alternative procedure, the mortgage holder obtains the foreclosed property unburdened by the lien claim, but leaves a fund from which the lien claimant may recover the value of his goods or services consumed "to the extent [the lien claimant] could be awarded [the value of his goods] in a lien foreclosure proceeding."

As we thus analyze the issue, under the traditional approach, had Bank joined Hope as a competing claimant, Bank could have obtained an adjudication of priority between Bank's mortgage interest and Hope's lien claim, with the probability that Hope's lien claim would be adjudicated junior and inferi-

or to Bank's mortgage claim, and leaving Hope uncompensated for the materials Hope indisputably provided and consumed in the improvement to the Gearys' property upon sale thereof in a sum less than that required to satisfy both Bank's mortgage and Hope's lien claim. While Hope may not have *recovered* any amount in Bank's mortgage foreclosure action, Hope could have nevertheless there received an *award* representing the value of the materials provided, however uncollectible that *award* may have been.

Having undertaken the § 147.1 alternative procedure however, Bank discharged Hope's lien against the secured property by deposit of cash, thereby leaving a fund from which Hope might recover the value of the materials Hope provided in the improvement of Gearys' property "to the extent [Hope] could [have been] awarded [the value of the materials provided] in a lien foreclosure proceeding." Stated otherwise, Bank could have chosen to add Hope as a party to Bank's foreclosure action, and there have Hope's lien claim adjudged inferior, but Bank did not. Bank thereafter having discharged Hope's lien under § 147.1 by posting of the cash deposit, Bank left Hope retaining, by statute, the right to proceed against the cash deposit substituted for Hope's then-extinguished lien, and upon proof of Hope's valid materials claim to the deposit, we hold § 147.1 operated to grant Hope *recovery* of the value of its extinguished lien claim, i.e., the amount it could have been awarded in the mortgage foreclosure action, from the deposit.

We therefore hold the trial court did not err in granting judgment to Hope. The trial court's order to that effect is therefore AFFIRMED.

CARL B. JONES, P.J. and GARRETT, J., concur.